**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Christian Frederic FINZE, Defendant–Appellant.**

No. 05–10348.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 2007.

Filed July 16, 2007.

Thomas S. Dougherty, Esq., USLV–Office of the U.S. Attorney Lloyd George Federal Bldg., Las Vegas, NV, for Plaintiff–Appellee.

Christopher J. Cannon, Esq., Sugarman & Cannon, San Francisco, CA, for Defendant–Appellant.

Before: THOMPSON, RYMER, and FISHER, Circuit Judges.

## MEMORANDUM *

Christian Frederic Finze appeals his convictions and sentence for numerous federal offenses, including conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, false writings to an agency, in violation of 18 U.S.C. § 1001, conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846, conspiracy to import controlled substances, in violation of 21 U.S.C. § 963, and distribution of controlled substances, in violation of 21 U.S.C. § 841. We affirm.

### I

█ Neither plain nor structural error occurred when the district judge, whose throat was affected by illness, had his law clerk, with Finze's consent, read aloud the jury instructions. The judge himself settled the instructions, presided over (and was fully in charge of) the proceedings, and explained to the jury that he would have read the instructions had he been healthy. The clerk was simply a ministerial mouthpiece, exercising no Article III power over a critical stage of the trial. *Cf. Gomez v. United States,* 490 U.S. 858, 876, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989).

█ Bearing in mind that "[a]n improper instruction rarely justifies a finding of plain error," *United States v. Glickman,* 604 F.2d 625, 632 (9th Cir.1979), the instructions did not eliminate the knowledge or intent elements for the conspiracies charged in counts nine and ten as Finze claims. Even if there were any ambiguity, it is clear from his conviction on counts eleven and twelve that the jury found that Finze knowingly distributed a prohibited drug. Thus, the jury could not reasonably have understood the instructions to say that Finze did not have to know that the object of the drug-related conspiracies was to illegally import and distribute controlled substances drugs, or that Finze did not have to intend to do so. *See United States v. Moran,* 493 F.3d 1002, 2007 WL 1952393, at *4 (9th Cir. July 6, 2007) (per curiam) ("In evaluating jury instructions, we consider how the jury would have reasonably understood the challenged instruction in the context of the instructions as a whole.") (internal quotations omitted).

Nor does the law clerk's slip of the tongue in reading the materiality instruction amount to error, let alone plain error. She quickly corrected herself by accurately reciting what the written instructions stated.

### II

█ Testimony from the person who created the bulk of the business records that were found in Finze's house sufficiently authenticated them, *see* Fed.R.Evid. 901(b)(1); *United States v. Tank,* 200 F.3d 627, 630 (9th Cir.2000), and the records were admissible as non-hearsay party admissions, *see* Fed.R.Evid. 801(d)(2); *United States v. Pang,* 362 F.3d 1187, 1193 (9th Cir.2004). It follows that the summary

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

exhibits were also sufficiently authenticated. *See Amarel v. Connell,* 102 F.3d 1494, 1516 (9th Cir.1996). Because these exhibits were the "only practicable means of making their contents available to judge and jury," they were admissible under Fed.R.Evid. 1006. *Paddack v. Dave Christensen, Inc.,* 745 F.2d 1254, 1259 & n. 8 (9th Cir.1984). The Confrontation Clause is not implicated, for the out-of-court statements were largely made by a witness who testified at trial and was cross-examined. *See Crawford v. Washington,* 541 U.S. 36, 59 n. 9, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

### III

■ A rational juror drawing all permissible inferences could have found beyond a reasonable doubt that Finze made a materially false writing to the United States Customs Service on a matter within the agency's jurisdiction. The forged letters were capable of influencing the agents to bypass required procedures, and hence were material for purposes of § 1001. *See United States v. Serv. Deli Inc.,* 151 F.3d 938, 941 (9th Cir.1998). Furthermore, the forged letters satisfied the jurisdictional element of § 1001 because they directly concerned the agency's authority to seize scheduled drugs and ensure compliance with FDA regulations. *See United States v. Rodgers,* 466 U.S. 475, 479, 104 S.Ct. 1942, 80 L.Ed.2d 492 (1984) ("A department or agency has jurisdiction ... when it has the power to exercise authority in a particular situation."); *United States v. 4,432 Mastercases of Cigarettes, More Or Less,* 448 F.3d 1168, 1177 (9th Cir.2006) ("Customs Service officers have primary responsibility for policing the admission of foreign goods into customs territory."). Finally, the jury could have found that Customs agents actually received the letters given evidence that Customs seized, and therefore inspected, five of Finze's drug shipments with the forged letter attached.

### IV

As the sales invoices were admissible, sufficient to support Finze's conviction, and identified by type the drugs being sold, they were amply reliable for the court to consider at sentencing.

AFFIRMED.